## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPH MARTINEZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 19-cv-1126-MMM |
| | ) | |
| WEXFORD HEALTH SOURCES, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se,* files an action under 42 U.S.C. § 1983, alleging that Dr. Andrew Tilden, Nurse Rice, and Wexford Health Sources, Inc., were deliberately indifferent to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he suffers from painful bunions in his feet and on an undisclosed date while at the Stateville Correctional Center, it was recommended that the bunions be surgically corrected. Plaintiff was apparently transferred from Stateville to Pontiac and, on June 2017, was seen at Pontiac by health healthcare provider C. Hansen, not named as a party. Ms.

1

Hansen apparently recommended surgery and ordered special shoe inserts. Plaintiff claims that despite his several grievances of the matter, he did not receive the insoles until October 2018, some 16 months later. Plaintiff asserts that in the meantime his feet bled and developed sores, causing him great pain.

Plaintiff alleges Defendant Dr. Tilden refused to refer him to a foot specialist and refused to authorize the surgery. He claims that Nurse Rice was also deliberately indifferent as, on November 7, 2018, Plaintiff was given a 30-day medical permit for "warm foot soaks" and Defendant Rice failed to provide them. Plaintiff alleges that Defendant Wexford created policies and practices, not particularly identified, which prevented him seeing a specialist and which caused a 16-month delay in his receiving the shoe insoles.

## ANALYSIS

Deliberate indifference a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonella v. Sheehan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Mere negligence or even gross negligence does not constitute deliberate indifference. *Id* at 590. (Citations omitted). Furthermore, a prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's

condition." *Snipes* at 591, citing *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974); *Cannon v. Thomas,* 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974).

Here, Plaintiff states a colorable deliberate indifference claim for Defendant Tilden's refusal to send him to a specialist or to authorize the surgery. He also states a claim against Nurse Rice for not providing the medical treatment which had been ordered for him.

As to Wexford, however, Plaintiff makes only a conclusory claim that he was injured due to a policy of Wexford. While Wexford may be liable for a constitutional injury under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), the allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff fails to identify any particular policy and, even if such a policy exists, fails to plead that Wexford was aware of any inadequate care. Wexford is DISMISSED, though Plaintiff will be given an opportunity to replead against Wexford, should he wish.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on Plaintiff's deliberate indifference claim against Defendants Tilden and Rice. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Wexford Health Sources, Inc. is DISMISSED though Plaintiff will have an opportunity, within 30 days, to replead should he wish. If Plaintiff files an amended complaint it will replace Plaintiff's original complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2. Plaintiff's Motion for Status [7] is rendered MOOT by this order.

3.    The Clerk is directed to send to each Defendant, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's

4

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

7/17/2019
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE