UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPH MARTINEZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 19-cv-1126-MMM |
| | ) | |
| DR. ANDREW TILDEN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW -AMENDED COMPLAINT

Plaintiff, proceeding *pro se,* files an amended complaint under 42 U.S.C. § 1983, alleging that Dr. Andrew Tilden, Nurse Rice, and Wexford Health Sources, Inc., were deliberately indifferent to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he suffers from painful bunions in his feet. In June 2017, Plaintiff was seen at Pontiac by health healthcare provider Ms. Hansen, not a party. Ms. Hansen ordered special shoe inserts which Plaintiff did not receive until October 2018, some 16 months later. Plaintiff claims that in the meantime, his feet bled and developed sores, causing him great pain.

1

On October 31, 2018, Plaintiff was seen by Nurse Practitioner Trish, not a party. Plaintiff told her that Ms. Hansen had advised him that he would need surgery, not particularly identified. He indicated that surgery had also been recommended earlier, when he had was at the Stateville Correctional Center. Plaintiff complained, however, that Defendant Dr. Tilden refused to authorize the surgery. Trish told Plaintiff that she would recommend that he be seen by a foot doctor but did not think that Wexford would approve the request.

On November 7, 2018, Plaintiff received a 30-day permit for warm foot soaks signed by Defendant Nurse Rice. He claims, however, that he never received a basin so he could soak his feet. Plaintiff claims to be in great pain, often unable to walk. He claims that Defendant Rice is liable for failing to "ensure" that he receive a basin or be taken to the hospital to receive warm foot soaks. He does not indicate, however, that he ever told Defendant Rice that he had not received the basin. In addition, he does not assert that Defendant Rice, a nurse, had the authority to send him to the hospital.

Plaintiff alleges that Wexford is liable for delaying his medical treatment. He claims that he waited 16 months for shoe insoles due to delay on the part of Wexford approving and purchasing the insoles. Plaintiff has provided with his complaint grievances and responses which indicate that the delay resulted from staff being unaware that the size 17 insoles were not a formulary item and had to be authorized through collegial review. After this was discovered, collegial review was undertaken and the insoles were re-ordered.

**ANALYSIS**

Deliberate indifference a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment

violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes* at 591, citing *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974); *Cannon v. Thomas,* 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974).

Here, Plaintiff states a colorable deliberate indifference claim for Defendant Tilden's refusal to authorize the surgery to his feet. He fails, however, to state a claim against Nurse Rice for not providing the basin for the foot soaks as he does not indicate that he ever told her that he had not received the basin. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under §1983 can only be based upon a finding that the defendant caused the deprivation alleged).

Plaintiff also fails to state a claim for Defendant Rice failing to send him to an outside hospital as he does not allege that, as a nurse, she had the authority to do so. *See McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991) (a plaintiff may not "tax employees of the prison system with the effects of circumstances beyond their control.") *See also, Grund v. Murphy*, 736 Fed.Appx. 601, 604 (7th Cir. 2018) (nurse who did not make treatment decisions not personally responsible for constitutional deprivation). Defendant Rice is DISMISSED.

As to Wexford, Plaintiff does not plead that he was injured due to any particular policy of Wexford, other than perhaps, a policy that non-formulary item requests undergo collegial review. While Wexford may be liable for a constitutional injury under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), this is only if there is a "reasonable inference that the [defendant] established a policy or practice" which caused the injury. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff fails to identify a particular policy and pleads only this single incident involving himself. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment insufficient to establish a policy). *Id*. at *14, citing *Shields*, 746 F.3d at 796 (isolated incidents did not add up to a pattern of behavior that would support an inference of a custom or policy). Defendant Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

This case shall proceed on Plaintiff's deliberate indifference claim against Defendant Tilden only. Defendants Rice and Wexford are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

 

 

| | |
|---|---|
| _11/15/2019_ | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |